**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

UNITED STATES OF AMERICA

v.                                                            CRIMINAL ACTION NO. 2:12-00030

MARVIN GARRETT

**MEMORANDUM OPINION AND ORDER**

Defendant Marvin Garrett was convicted of violating 21 U.S.C. § 841(a)(1) and sentenced to a period of incarceration. *See* ECF Nos. 102, 142. When he was sentenced, Mr. Garrett was deemed to be a career offender, in part because of a 2008 conviction for violating W. Va. Code § 61-2-9(c). *See* ECF No. 263, at 1–2.

Before the Court is Defendant's Motion to Reduce Sentence (ECF No. 260, Def.'s Mot.). 18 U.S.C. § 3582(c)(1)(A)(i) allows courts to reduce federal offenders' terms of imprisonment if "extraordinary and compelling reasons warrant such a reduction." Mr. Garrett's Motion argues that, because his § 61-2-9(c) conviction is no longer a "crime of violence" for career-offender purposes, he would receive a significantly lesser sentence if he were sentenced today. *See* Def.'s Mot. 1, 3. This, he asserts, presents a "extraordinary and compelling" basis for early release. *See id.* at 3.

The Court agrees that a violation of W. Va. Code § 61-2-9(c) is not a "crime of violence" under § 4B1.2(a) of the United States Sentencing Commission Guidelines Manual. *See United States v. Sumpter*, Crim. A. No. 2:15-00067, 2016 WL 398223, at *1, 4 (S.D. W. Va. Jan. 6, 2021). Accordingly, Mr. Garrett would not be deemed a career offender if sentenced today.

The United States Supreme Court, however, has held that sentencing disparities created by non-retroactive changes in the law cannot constitute "extraordinary and compelling" grounds for release under § 3582. *See Rutherford v. United States*, 608 U.S. ___, 2026 WL 1485535, at *6 (May 28, 2026). A § 61-2-9(c) conviction is no longer a crime of violence due to non-retroactive changes to the U.S Sentencing Guidelines. *See Sumpter*, 2016 WL 398223, at *3–4; U.S. Sent'g Guidelines Manual, at App'x C, Amend. 798 (U.S. Sent'g Comm'n 2025); *United States v. Riley*, Crim. No.: 13-0608, 2022 WL 9361679, at *5 (D. Md. Oct. 14, 2022) ("Amendment 798 is not retroactive."). Accordingly, "extraordinary and compelling reasons" do not warrant a sentence reduction in this case. The Court **DENIES** Defendant's Motion to Reduce Sentence (ECF No. 260).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshal Service.

ENTER:        June 17, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

-2-